USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JONATHAN GAVRIELOF,

Defendant.

1:23-cr-110-MKV

ADDITIONAL ORDER OF RESTITUTION

MARY KAY VYSKOCIL, United States District Judge:

### ADDITIONAL ORDER OF RESTITUTION AS TO JONATHAN GAVRIELOF

Gilead Science, Inc., Gilead Sciences Ireland UC, and Gilead Sciences, LLC (together, "Gilead"), submitted a victim impact statement, [ECF No. 350], and appeared at Defendant Gavrielof's sentencing hearing on October 29, 2024. At Defendant Gavrielof's sentencing Gilead indicated that it intended to seek restitution from Defendant Gavrielof. The parties agreed that the Court should enter the consent restitution order previously submitted by the Government and Gilead would make a motion after sentencing to amend the restitution order. [ECF No. 356 at 14–15]. Therefore, the Court entered the consent order of restitution and reserved the right, with consent of Defendant Gavrielof, to amend the restitution order upon a motion by Gilead at a time after sentencing. *Id.*

On January 24, 2025, 86 days after Defendant Gavrielof's final judgment was entered, [ECF No. 355], Gilead submitted its motion to amend. [ECF No. 429]. The Court then allowed time for Defendant Gavrielof and the Government to respond to Gilead's motion. [ECF No. 435]. Neither Defendant Gavrielof nor the Government opposed or otherwise filled a response to Gilead's motion to amend the restitution order.[1]

---

[1] The Court acknowledges that Section 3664(d)(5) states that "the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. . . ." and that this Order exceeds the 90 days. However, the Second Circuit in *United States v. Anderson*, held "recent Supreme Court and Second Circuit precedent provide

1

The Court has carefully reviewed the motion, and because Defendant Gavrielof participated in a conspiracy that sold illegitimate medications and Gilead, as the manufacturer of the authentic version of those medications, was deprived of sales of legitimate medications that it would have made if not for Defendant Gavrielof's crimes the Court concludes, as other federal courts have already concluded, *see e.g. United States v. Papyan*, No. 18-cr-533 (N.D. Cal.), that Gilead is a victim and is entitled to restitution in the form of its lost sales and profits. *See U.S. v. Milstein*, 481 F.3d 132, 137 (2d Cir. 2007). The Court finds Gilead's application for restitution is meritorious. Accordingly,

IT IS HEREBY ORDERED that the sentence of Jonathan Gavrielof, ECF No. 355, shall be amended to include additional restitution to Gilead Sciences, LLC in the amount of $5,771,381.46, pursuant to 18 U.S.A. §§ 3663, 3663A, and 3664.

Restitution is joint and several with Boris Aminov.

**SO ORDERED.**

**Date: March 3, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

---

that a 'court that misses the 90–day deadline' for imposing restitution after sentencing 'nonetheless retains the power to order restitution—at least where…the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount.'" 419 F. App'x 16, 17 (2d Cir. 2011) (quoting *Dolan v. United States,* 560 U.S. 605, 670-08 (2010)); *accord United States v. Pickett,* 612 F.3d 147, 149 (2d Cir. 2010). Here, this Court retains the power to amend the restitution previously entered as to Defendant Gavrielof after the 90-day period because the Court made clear at Defendant Gavrielof's sentencing that it would amend the restitution amount ordered at sentencing at a later date upon a motion from Gilead, which Defendant consented to.